IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JONATHAN E. ACKERMAN, *also known as* JONATHAN JASON BARTOSEK,<br><br>Petitioner<br><br>vs.<br><br>COMMONWEALTH OF PENNSYLVANIA, ATTORNEY GENERAL OF PENNSYLVANIA, DISTRICT ATTORNEY OF WARREN COUNTY, SUPT. OF MONROE CORRECTIONAL COMPLEX-TWIN RIVERS,<br><br>Respondents | ) | 1:21-cv-91<br><br>RICHARD A. LANZILLO<br>UNITED STATES MAGISTRATE JUDGE<br><br>MEMORANDUM OPINION ON PETITION FOR WRIT OF HABEAS CORPUS [ECF NO. 7] |

MEMORANDUM OPINION

Before the Court is a petition for a writ of habeas corpus filed by Jonathan Ackerman pursuant to 28 U.S.C. § 2254. ECF No. 7. For the reasons that follow, the petition will be denied.[1]

I. Background

In 2005, Ackerman pled guilty to one count of luring a child into a motor vehicle or structure, 18 Pa.C.S. § 2910, and one count of obstructing administration of law or other governmental function, 18 Pa.C.S. § 5101 in the Court of Common Pleas of Warren County, Pennsylvania. He was sentenced to a term of imprisonment, which he has now served. He is currently incarcerated in a Washington state correctional facility for reasons unrelated to the charges and his guilty plea in Pennsylvania.

[1] The parties have consented to the jurisdiction of a United States Magistrate Judge.

Ackerman originally sought habeas relief in the United States District Court for the Western District of Washington. ECF No. 1. That court transferred the petition to this District pursuant to 28 U.S.C. § 1631. *See* ECF Nos. 4, 7. Respondents moved to dismiss the petition on the bases that that Ackerman is not eligible for habeas relief and that the petition is untimely. ECF No. 11. That motion was denied without prejudice pending receipt by the Court of additional state court records. ECF No. 21. Additional state court records were subsequently filed with this Court. ECF No. 22. The petition is ripe for disposition.

## II. Analysis

### A. Jurisdiction

A federal court has jurisdiction to entertain a petition for a writ of habeas corpus under Section 2254 only if the petitioner was "in custody pursuant to the judgment of a State court" when the petition was filed. 28 U.S.C. § 2254(a); *United States ex rel. Dessus v. Pennsylvania*, 452 F.2d 557, 560 (3d Cir. 1971) (explaining that "custody is the passport to federal habeas corpus jurisdiction"); *Barry v. Bergen Cty. Probation Dep't*, 128 F.3d 152, 159 (3d Cir. 1997) (holding that court looks to date of petition's filing when making custody determination). The United States Court of Appeals for the Third Circuit has explained:

> The jurisdictional requirement has two components—"custody" that arises "pursuant to the judgment of a state court" that is under attack. Put differently, the habeas jurisdictional provision requires that the petitioner be subject to a "non-negligible restraint on physical liberty" that is a "direct consequence of [the] conviction" being challenged.

*Piasecki v. Court of Common Pleas*, 917 F.3d 161, 166 (3d Cir. 2019) (citing 28 U.S.C. § 2254(a) and *Standbridge v. Scott*, 791 F.3d 715, 719 (7th Cir. 2015)).

Although Ackerman was no longer serving the sentence of imprisonment imposed for the relevant conviction when he filed this petition, he asserts that he was nevertheless "in custody" due to the

registration requirements imposed on him pursuant to Pennsylvania's Sex Offender Registration and Notification Act ("SORNA"), 42 Pa. C.S.A. §§ 9799.10 et seq., which requires the Pennsylvania State Police to maintain a database that lists the location of convicted sexual offenders, and to provide notification to the public of the presence of registered sexual offenders in their community. ECF No. 7 at 13-14. For this proposition, he cites to *Piasecki*.

In *Piasecki*, the Third Circuit directly addressed whether a habeas corpus petitioner who was subject only to registration requirements under Pennsylvania's SORNA when he filed his petition was "in custody pursuant to the judgment of a State Court," as required for federal court jurisdiction. 917 F.3d at 163. The Court acknowledged that the custody requirement in Section 2254(a) need not be physical confinement and could be satisfied where the petitioner was "clearly subject to restraints on his liberty not shared by the public generally." *Id.* at 168-69 (citing *Barry v. Bergen Cty. Probation Dep't*, 128 F.3d 152 (3d Cir. 1997)). The Court then evaluated the registration requirements to which Piasecki was subject as a Tier III offender and found that they were severe restraints on his liberty not shared by the public generally such that they rose to the level of custody for purposes of federal habeas jurisdiction. *Id.* at 172-73.

The Court then evaluated whether custodial restrictions were imposed "pursuant to the judgment of a State Court." *Id.* at 173. "Even an onerous restriction cannot support habeas jurisdiction if it is nothing more than a 'collateral consequence' of a conviction." *Id.* The Court noted that "Pennsylvania courts have concluded that SORNA's registration requirements are punitive, not remedial," and that challenges to registration status must be raised in a challenge to the judgment of sentence. *Id.* at 175. Therefore, the Court found, "under Pennsylvania law, SORNA registration requirements are imposed pursuant to the state court judgment of sentence." *Id.* at 175-76.

Piasecki's sentencing documents indicated that sex-offender registration requirements were part of his sentence, but the requirements at issue had not been created at the time of the sentence. *Id.* at 173, 176. Nonetheless, the Third Circuit found that because Piasecki was subject to the current SORNA registration requirements as a direct consequence of the conviction being challenged, they rendered him "in custody pursuant to the judgment of a State Court." *Id.* at 176.

Ackerman provides no information as to the specifics of his registration requirements. While it is likely that the term of his registration and the frequency of periodic in-person appearances are less than those of Piasecki based on the level of his offense, the restrictions on his liberty are likely sufficiently similar to those of Piasecki such that the Court may find that they rise to the level of custody for purposes of federal habeas jurisdiction. Further, although Ackerman asserts that the sentencing court did not order registration, ECF No. 7 at 7, it is certain that he is subject to the current SORNA registration requirements as a direct consequence of the conviction being challenged, thus rendering him "in custody pursuant to the judgment of a State Court." Accordingly, this Court has jurisdiction over the instant petition. Before reaching the merits of the petition, however, the Court must evaluate its timeliness.

B. Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year limitations period for state prisoners seeking federal habeas review. It is codified at 28 U.S.C. § 2244(d) and provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of

> the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

28 U.S.C. § 2244(d).

In analyzing whether a petition for writ of habeas corpus has been timely filed under the one-year limitations period, a federal court must undertake a three-part inquiry. First, the court must determine the "trigger date" for the one-year limitations period pursuant to section 2244(d)(1). *Caldwell v. Mahally, et al.*, 2019 WL 5741706, *5 (W.D. Pa. Nov. 5, 2019). Second, the court must determine whether any "properly filed" applications for post-conviction or collateral relief were pending during the limitations period that would toll the statute pursuant to section 2244(d)(2). *Id.* at *6. Third, the court must determine whether any of the other statutory exceptions or equitable tolling should be applied on the facts presented. *Id.* at *8.

Ackerman asserts four grounds for relief in his petition, three of which concern the entry of his guilty plea. ECF No. 7 at 5-6, 8-12. The "trigger date" for these claims is the date on which Petitioner's judgment of sentence became final. Ground Two concerns the post-sentencing imposition of the registration requirements. *Id.* at 7-8. Ackerman asserts that he learned of these requirements in May of 2007, *id.* at 5, thus, that is the trigger date for that claim.

Ackerman's judgment of sentence became final on or about May 9, 2005, at the expiration of the time for filing a direct appeal from the judgment of sentence.[2] Pa.R.A.P. 903(a); *Swartz v. Meyers*, 204 F.3d 417, 419 (3d Cir. 2000) (noting that a judgment becomes final at the conclusion of direct review or the expiration of time for seeking such review). The one-year limitations period for filing a habeas corpus petition on the plea-related claims began to run on that date. 28 U.S.C. § 2244(d)(1)(A). Accordingly, Ackerman had to file any federal habeas petition concerning these claims by May 9, 2006, and any petition for the registration-related claim by May of 2008. Ackerman did not date the instant habeas petition, but it was filed on February 11, 2021. Because this date falls more than a decade after the expiration of the one-year limitations period for all his claims, they are statutorily time-barred. Given this deficiency, the Court must determine whether Ackerman can take advantage of the statutory tolling provision set out in Section 2244(d)(2).

Section 2244(d)(2) provides that the one-year limitations period is tolled during the pendency of a "properly filed" state post-conviction proceeding. Ackerman filed multiple post-conviction petitions, none of which were meritorious, and all of which were filed after the one-year statute of limitations period had expired.[3] Thus, statutory tolling is inapplicable here.

Ackerman asserts that the one-year statute of limitations does not bar his petition because he was not eligible for relief "under Pennsylvania law and under federal habeas corpus" until the February 27,

---

[2] Although the 30-day appeal period expired on May 8, 2005, that date was a Sunday, so the appeal period extended until Monday, May 9, 2005. *See* 1 Pa.C.S.A. § 1908 (computation of the last day of a time period excludes Saturday, Sunday, and federal and state holidays); Pa.R.A.P. 107 (the Pennsylvania Rules of Appellate Procedure are to be construed in accordance with the rules of statutory construction).

[3] The earliest motion was a petition pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. § 9541 *et seq.*, filed on July 8, 2008. ECF No. 22-2. This petition was dismissed on the basis that Ackerman was ineligible for relief because he was not then serving a sentence of imprisonment, probation, or parole for the relevant crime. ECF Nos. 22-5 and 22-6.

2019 *Piasecki* decision, which he discovered on November 10, 2020. ECF No. 7 at 13-14. Presumably, Ackerman is asserting equitable tolling.

The one-year statute of limitations mandated by Section 2244(d)(1) is subject to equitable tolling. *Martin v. Adm'r N.J. State Prison*, 23 F.4th 261, 272 (3d Cir. 2022) (citing *Holland v. Florida*, 560 U.S. 631, 645-49 (2010)). Federal courts are to use equitable tolling sparingly and do so "only in the rare situation where [it] is demanded by sound legal principles as well as the interests of justice." *Id.* (quoting *LaCava v. Kyler*, 398 F.3d 271, 275 (3d Cir. 2005)). Further, the decision to equitably toll AEDPA's statute of limitations period must be made on a case-by-case basis. *Id.*

Generally, federal courts employ a two-step test in determining whether to utilize equitable tolling. That is, a petitioner bears the burden of establishing that he (1) has been pursuing his rights diligently and (2) that some extraordinary circumstance stood in his way and prevented a timely filing of the habeas petition. *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). This inquiry is conjunctive. *Sistrunk v. Rozum*, 674 F.3d 181, 190 (3d Cir. 2012) ("This conjunctive standard requires showing *both* elements before we will permit tolling.") (emphasis in original).

Ackerman fails to establish either factor. Although he made multiple (albeit belated) attempts to litigate his claims in state court, he made no effort to file a timely habeas petition. To the extent Ackerman implies that the *Piasecki* decision removed an existing barrier to his filing a habeas petition, that is simply not the case. In fact, there was no extraordinary circumstance preventing Ackerman from filing a timely habeas petition; he merely failed to do so. No basis to apply equitable tolling exists in this case.

Finally, although Ackerman does not specifically invoke actual innocence as a basis to avoid the time-bar, he does make a claim of actual innocence in Ground Three. ECF No. 7 at 8-9. As this Court recently explained:

> In *McQuiggin* [*v. Perkins*, 569 U.S. 383 (2013)], the Supreme Court recognized that the actual-innocence "gateway" to federal habeas review

> developed in *Schlup v. Delo*, 513 U.S. 298, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995) for procedurally defaulted claims extends to cases where a petitioner's claims would otherwise be barred by the expiration AEDPA's one-year statute of limitations.
>
> In *Schlup*, the Supreme Court held that a viable claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." 513 U.S. at 324. Importantly, "'[a]ctual innocence' means factual innocence, not mere legal insufficiency." *Sistrunk v. Rozum*, 674 F.3d 181, 191 (3d Cir. 2012) (*quoting Bousley v. United States*, 523 U.S. 614, 623, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998)).

*Scott v. Zappala*, 2021 WL 4864448, at *13-14 (W.D. Pa. 2021).[4]

Ackerman's claim of actual innocence is as follows: "Through the court[']s own documents the crime occurred in West Virginia therefore Pennsylvania lacks an essential element of the crime of luring which is that it occurred in Pennsylvania." ECF No. 7 at 8. This assertion of actual innocence is an argument for legal innocence, not a claim of factual innocence premised on new evidence. It does not warrant avoidance of the time-bar.

Ackerman's petition is untimely and will be denied on that basis.

III. Certificate of Appealability

AEDPA codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. It provides that "[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from … the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court[.]" 28 U.S.C. § 2253(c)(1)(A). It also provides that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching

[4] It is of note that some courts have rejected actual innocence claims based on *McQuiggin* where the petitioner, like Ackerman, pled guilty to the offense in question. *Brown v. Superintendent Houser*, 2021 WL 3871305, at *4 (M.D. Pa. 2021) (citing cases).

the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Applying that standard here, jurists of reason would not find it debatable whether Ackerman's claim should be denied as untimely. Accordingly, no certificate of appealability will issue.

An appropriate Order will follow.

Dated: September 6, 2022

RICHARD A. LANZILLO
United States Magistrate Judge